NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERCEDES YANETH HERNANDEZ-SESENTE; RONALD VLADIMIR BARRAZA-HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1590 <br><br> Agency Nos. <br> A206-690-652 <br> A206-690-653 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Mercedes Yaneth Hernandez-Sesente and her minor son, natives and citizens

of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA")

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision dismissing an appeal from the Immigration Judge's denial of Hernandez-Sesente's application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

1.      The agency did not err in finding that Hernandez-Sesente's proposed particular social group of "vulnerable Salvadoran daughters in a domestic relationship" was not cognizable.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining that to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

We do not consider Hernandez-Sesente's newly proposed particular social group—"a single female child who was in a parent-child domestic relationship and was a victim of domestic violence as a child from her natural mother," who "considered [Hernandez-Sesente] 'property'"—because she did not present it to the agency.  *See* 8 U.S.C. § 1252(d)(1) (exhaustion requirement); *Santos-Zacaria v. Garland*, 598 U.S. 411, 417, 423 (2023) (explaining that the exhaustion

---

[1] Hernandez-Sesente's son was a derivative applicant on her application for asylum.  *See* 8 U.S.C. § 1158(b)(3)(A).

requirement is mandatory unless waived by the government).

Hernandez-Sesente's failure to establish a cognizable social group is dispositive of her asylum claim, and thus, we do not consider her other arguments. *See Reyes*, 842 F.3d at 1132 n. 3. *See Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022).

2.      Substantial evidence supports the denial of CAT protection because Hernandez-Sesente failed to show that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

**PETITION DENIED.**